RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ana Iris Cepeda,<br><br>                          Plaintiff,<br><br>      — against —<br><br>Valientes Restaurant Corp., Jonathan Escobar, an individual, and Eloisa Calderon, an individual,<br><br>                       Defendants. | 22-CV-4129 |

Plaintiff, ANA IRIS CEPEDA, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, VALIENTES RESTAURANT CORP. ("Defendant"), JONATHAN ESCOBAR, an individual, and ELOISA CALDERON, an individual, jointly and severally (collectively referred herein as "Defendants") alleges:

## NATURE OF THE ACTION

1. This action seeks all available relief including to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the corporate defendants are located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Plaintiff is an individual residing in Freeport, New York.

8. Plaintiff is an employee of defendants covered by the FLSA and NYLL.

9. Plaintiff was not exempt from the FLSA.

10. Defendants employed Plaintiff to perform the following duties from on or about October 2018 through June 25, 2022 as a food services worker with daily tasks including, but not limited to, open Defendants' restaurant, preparing for daily service, stocking and restocking supplies, acting as cashier and food server, cleaning the restaurant for closing, and breaking down the kitchen for the night.

11. Starting on or around October 2018 to and including on or around June 2022, Defendants employed Plaintiff four (4) days per week, from Monday to Thursday, 10:00am to 9:00pm, for approximately forty-four (44) hours each week, though Plaintiff worked more on some occasions.

12. Defendants paid Plaintiff One Hundred Dollars ($100) per day regardless of the number of hours that Plaintiff actually worked during the workweek.

13. Defendants did not pay Plaintiff minimum wage and premium overtime pay for hours worked in excess of 40 hours per week.

**Defendants**

14. Defendants are employers covered by the FLSA and the NYLL.

15. Defendant VALIENTES RESTAURANT CORP., Inc. is a New York-based corporation with its principal executive office located at **19-21 Mott Ave., Far Rockaway New York 11691**.

16. Defendant VALIENTES RESTAURANT CORP., is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including running a full service retail restaurant, and (2) an annual gross volume of sales in excess of $500,000.

17. VALIENTES RESTAURANT CORP. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

18. Defendant JONATHAN ESCOBAR is an individual currently residing in Far Rockaway, New York.

19. Defendant JONATHAN ESCOBAR has, at all relevant times, maintained control, oversight, and direction over Plaintiff.

20. Defendant JONATHAN ESCOBAR is an owner and/or officer of VALIENTES RESTAURANT CORP. He exercises sufficient control over VALIENTES RESTAURANT CORP.'s operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times

material herein, established and exercised authority regarding VALIENTES RESTAURANT CORP.'s employment and pay practices.

21. Defendant ESCOBAR supervised Plaintiff, established her rate of pay, assigned work to her, and maintained payroll records for Defendants.

22. Defendant ELOISA CALDERON is an individual currently residing in Far Rockaway, New York.

23. Defendant ELOISA CALDERON has, at all relevant times, maintained control, oversight, and direction over Plaintiff.

24. Defendant ELOISA CALDERON is an owner and/or officer of VALIENTES RESTAURANT CORP. She exercises sufficient control over VALIENTES RESTAURANT CORP.'s operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority regarding VALIENTES RESTAURANT CORP.'s employment and pay practices.

25. Defendant CALDERON supervised Plaintiff, established her rate of pay, assigned work to her, and maintained payroll records for Defendants

26. The business activities of all defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

27. Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under the FLSA and NYLL.

### DEFENDANTS' FAILURE TO PAY OVERTIME

28. Defendants suffered or permitted Plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week.

### DEFENDANTS' VIOLATIONS OF THE NEW YORK
### WAGE THEFT PREVENTION ACT

29. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

30. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the NYLL.

31. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

32. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the NYLL.

### DEFENDANTS' FAILURE TO PAY SPREAD OF HOURS' PAY

33. Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

34. Defendants failed to pay Plaintiff an extra hour of pay for each hour in which Plaintiff's spread of hours met, or exceeded, 10 hours per day.

## FIRST CAUSE OF ACTION
## (FLSA – MINIMUM WAGE)

35. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

36. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 et seq.

37. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 et seq.

38. Defendants have failed to pay plaintiff minimum wages to which Plaintiff is entitled under the FLSA.

39. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

40. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

42. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
## (FLSA – UNPAID OVERTIME WAGES)

43. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

44. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

45. Plaintiff was not exempt from the FLSA requirement to pay a premium overtime rate.

46. Defendants have failed to pay plaintiff premium overtime pay for all hours worked in excess of 40 hours per week, to which Plaintiff is entitled under the FLSA.

47. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

49. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

50. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied premium overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
## (NYLL – UNPAID MINIMUM WAGES)

51. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

52. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed plaintiff.

53. The NYLL requires that employees receive minimum wages for all hour worked.

54. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

55. At all times relevant, Plaintiff was an employee of defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

56. Plaintiff's work duties did not qualify her as exempt from the NYLL requirement for the payment of overtime wages.

57. Plaintiff's weekly wages that were paid by Defendants were below the required New York State salary level to qualify plaintiff as exempt from the NYLL requirement for the payment of overtime wages.

58. Defendants have failed to pay Plaintiff minimum wage to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59. Through their knowing or intentional failure to pay minimum wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New

York State Department of Labor Regulations.

60. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(NYLL – OVERTIME)**

61. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein

62. The NYLL requires that employees receive overtime premium compensation not less than one and one-half times the employee's regular pay rate for hours worked over 40 per week.

63. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

64. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

66. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

67. Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary

language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

68. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

70. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

71. Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

73. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### SEVENTH CAUSE OF ACTION
### (Spread of Hours Pay)

74. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

75. Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

76. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

77. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, Plaintiff's unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

  b. declaring that defendants have violated the overtime provisions of the NYLL, and supporting regulations;

  c. declaring that defendants have violated the Wage Theft Prevention Act;

  d. declaring that defendants' violations of the FLSA were willful;

  e. declaring that defendants' violations of the NYLL were willful;

  f. awarding plaintiff damages for all unpaid wages;

  g. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  i. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  j. awarding damages for failing to pay spread of hours;

  k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  l. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  m. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  n. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

  o. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
       July 11, 2022

                                      RAYMOND NARDO, ESQ.
                                      RAYMOND NARDO, P.C.
                                      129 Third St
                                      Mineola, NY 11501
                                      (516) 248-2121
                                      Nardo@Raynardo.com
                                      *Counsel for Plaintiff*